UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH RAAPPANA,

    Plaintiff,

    v.

INUI STEAMSHIP COMPANY, LTD.,

    Defendant.

Case No. C06-5586FDB

ORDER GRANTING DEFENDANT'S MOTION IN LIMINE AND EXCLUDING ZACHARY M. REYNOLDS' REPORT AND TESTIMONY FROM EVIDENCE

    Defendant Inui Steamship Company object to Plaintiff Raappana's liability expert, Zachary M. Reynolds, a naval architect and marine engineer, and moves for an order *in limine* excluding or limiting his expert reports and testimony. Defendant Inui objects to Reynolds' report because it consists largely of improper legal opinions; contains Raappana's hearsay that contradicts Raappana's own deposition testimony, and it fails to meet applicable standards of reliability and relevance.

    Under FRE 702,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Before expert testimony may be given at trial, the court must ensure that the expert testimony

ORDER - 1

offered "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Rule 703 provides in part that

> Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Thus, information relied upon by an expert in forming his opinion is not admissible simply because the opinion or inference is admitted.

Reynolds states in his report that "The purpose of my review was to determine if the vessel KEN ANN MARU provided a safe and acceptable working environment at the crane and tower were [sic] situated between hatches 1 & 2." In forming his opinion, Reynolds states that he relied upon his years of experience in designing cargo handling areas, lighting requirements and access paths, published guidelines and textbooks, and that he interviewed Raappana, as well.

Reynolds concludes that the lighting in the crane tower was inadequate, and refers to OSHA requirements that employees shall not be allowed to enter dark spaces without a light. Reynolds ignores the fact that the tower was illuminated when Raappana ascended to the crane. Moreover, the OSHA requirement prohibiting entry into dark spaces is directed to the stevedore's employer – not the shipowner – and provides:

**29 C.F.R. 1918.92(e) – Illumination**

Entry into darkened areas. Employees shall not be permitted to enter dark holds, compartments, decks or other spaces without a flashlight or other portable light. The use of matches or open flames is prohibited.

In *Landsem v. Isuzu Motors, Ltd.*, 534 F. Supp. 448, 451 (D. Or. 1982), *aff'd,* 711 F.2d 1064 (9th Cir. 1983), the plaintiff contended that the shipowner was negligent in failing to adequately illuminate the work area. In analyzing whether the shipowner had any duty with respect to the lighting in the plaintiff's work area, the Court first noted that "[w]hile the shipowner has a duty to warn the stevedore of hidden defects that, in the exercise of reasonable care, would be known to the

ORDER - 2

shipowner, the lighting on a ship is not a hidden defect." *Id.* Moreover, even if the shipowner remained in active control of the lights on the ship, it is, nevertheless, the duty of the stevedore, not the shipowner, to provide adequate lighting. The Court then cited the pertinent statutory duty of the stevedore under the Safety and Health Regulations for Longshoring at 29 C.F.R. 1918.92.

Reynolds refers to Raappana's rationalization as to why he did not use the exterior ladder: "because he thought it was too dangerous with no cage." Reynolds then finds that the "Exterior ladder accesses did not provide a safer descent path" without reference to any scientific or technical or other objective basis for this opinion.

Reynolds also concludes that: "The bottom landing inside the crane tower was obstructed"; "A clear path did not exist from the ladder landing to the tower exit"; "Surfaces which were not part of the landing may have been soiled and slippery." There are no facts submitted to support these conclusions, there are only references to OSHA regulations that are not addressed to vessel owners, and the soiled or slippery surfaces speculation is pure conjecture with no supporting facts or allegations.

Reynolds concludes that "The door leading to the interior of the crane tower was dogged shut, creating an obstruction to a safe exit." There is nothing to support the conclusion that a closed, dogged door is an impermissible obstacle to a safe exit.

Reynolds concludes that "Lighting was inadequate due to the lack of proper switching locations." Reynolds does not cite any standard of vessel construction that prescribes where crane pedestal light switches must be located for the safety of longshore workers.

Finally, Reynolds concludes that "Proper monitoring of manned spaces was absent aboard ship." Reynolds cites no facts to support this conclusion, and he provides no standard or principle to determine what constitutes proper monitoring of manned spaces or who is to do the monitoring. This conclusion is outside the area of his expertise, and, furthermore, it is an erroneous conclusion of law as to who has the duty to monitor longshore work. The Supreme Court in *Scindia Steam*

ORDER - 3

*Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981) identified a vessel owner's duties to longshore workers on the vessel and stated:

> [A]bsent contract provision, positive law, or custom to the contrary ... the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore. The necessary consequence is that the shipowner is not liable to the longshoreman for injuries caused by dangers unknown to the owner and about which he had no duty to inform himself.

*Id.* at 172.

The Court does not find that Reynolds' testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" and that the proffered testimony does not satisfy the requirements of FRE 702. For these reasons, which are fully elaborated in Defendant's motion and reply, Reynolds' report and testimony will be excluded from evidence in this cause of action.

ACCORDINGLY, IT IS ORDERED: Defendant's Objections To Plaintiff's Expert Zachary M. Reynolds are SUSTAINED, the Motion in Limine is GRANTED, and Zachary M. Reynolds Report and Testimony is EXCLUDED from evidence in this cause of action.

DATED this 28th day of August, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4